|  |  |  |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | **JS-6** |

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-03280-FWS                                                      Date: October 28, 2022
Title: In re Jeremy Daniel Kintner

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Appellant:                          Attorneys Present for Appellee:

Not Present                                                                   Not Present

**PROCEEDINGS: ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT [15]**

　　　Before the court is Debtor Jeremy Daniel Kintner's ("Debtor") appeal of the bankruptcy court's order granting Appellee California Department of Tax and Fee Administration's ("CDTFA") motion to dismiss Debtor's Chapter 13 petition.  (Dkt. 15 ("Appeal" or "App.").)  CDTFA opposes the appeal.  (Dkt. 19 ("Opposition" or "Opp.")  The matter is fully briefed.  (Dkts. 15, 16, 19, 20.)  The court found this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L. R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Based on the record, as applied to the applicable law, the court **AFFIRMS** the Bankruptcy Court's dismissal of the Chapter 13 petition.

### I.     Background

#### A.     Mr. Kintner's Assessed Tax Liability

　　　Debtor alleges this appeal stems from two contested tax assessments against him.  Debtor was an officer and shareholder in HK Architectural Supply, Inc. ("HK Architectural"), a closely held corporation registered in California.  (Dkt. 16-7 ("Compl.") ¶¶ 15, 16; Opp. at 3.)  Debtor controlled the operations of HK Architectural in his capacity as officer and shareholder during

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-03280-FWS | Date: October 28, 2022 |
| Title: In re Jeremy Daniel Kintner | |

the relevant period. (Compl. ¶¶ 15, 16). On May 28, 2009, the California Franchise Tax Board suspended HK Architectural's corporate status. (Compl. ¶ 14; Opp. at 3.) Although HK Architectural was suspended, it continued to operate without paying sales tax. (*See* Compl. ¶ 16; Opp. at 4.)

The Business Tax and Fee Division of CDTFA issued two audit billings to HK Architectural. (*See* Compl. ¶¶ 2-4; Opp. at 4.) The first, sent August 22, 2011, accounted for HK Architectural's missing sales tax for the final three quarters of 2009. (Opp. at 4; Dkt. 19-2, Exh. 2.) The second, issued February 22, 2012, assessed taxes to Debtor personally pursuant to California Code of Regulations tit. 18, § 1702.6 ("Regulation 1702.6") based on the sales tax accumulated during the period that Debtor operated HK Architectural while its corporate status was suspended. (Opp. at 4; Dkt. 19-2, Exh. 2.) In total, CDTFA calculated that Debtor owed $71,408.00 in unpaid taxes and penalties, exclusive of interest. (Compl. ¶ 2; Dkt. 19-2, Exh. 2 at 25.)

        **B.**        **Prior Adjudications**

Debtor then challenged the tax assessments in several forums as detailed below.

                i.    <u>Administrative Proceedings</u>

First, Debtor challenged the amount of the tax assessments and the validity of Regulation 1702.6 in a state administrative proceeding pursuant to California Code of Regulations tit. 18, § 35007. (App. at 8; Opp. at 4.)

Regulation 1702.6 provides, in relevant part:

> A corporate officer or shareholder with control over operations or management of a closely held corporation during a time in which the corporation's powers, rights, and privileges are suspended . . . shall be personally liable . . . for any unpaid sales or use tax liability of that suspended corporation incurred during the period of that suspension.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-03280-FWS                                                          Date: October 28, 2022
Title: In re Jeremy Daniel Kintner

Cal. Code Regs. tit. 18, § 1702.6.

The Board of Equalization issued several memorandum decisions concluding that Debtor was "personally liable for the tax debts incurred by his suspended corporation" based on Regulation 1702.6. (Dkt. 19-2, Exh. 2 at 3, 12-15.) The Board of Equalization also recommended adjusting the amount of tax principal owed from $51,006.00 to $49,198.38 and adjusting the penalty commensurate with the change in tax principal for a total liability of $67,389.53, excluding interest. (*Id.* at 1-3.) In addressing Debtor's argument that Regulation 1702.6 is unconstitutional, the Board of Equalization stated, "[w]e note that the regulation is based on Revenue and Taxation Code, section 6066, and that the Board must follow its own announced regulations." (Dkt. 19-2, Exh. 2 at 9.) Accordingly, the Board of Equalization declined to address the validity of the regulation. (*Id.*)

    ii.  <u>Los Angeles Superior Court Proceedings</u>

In November 2017, Debtor sued the Board of Equalization and its successor entity, CDTFA, in Los Angeles Superior Court, alleging three claims for declaratory relief. (*See generally* Dkt. 19-2, Exh. 3.) *See also Cal. Dep't of Tax & Fee Admin. v. Superior Ct. (Kintner)*, 48 Cal. App. 5th 922, 927 (2020). Specifically, Debtor sought declarations that Regulation 1702.6 and a related policy were unconstitutional and that the Board of Equalization's refusal to consider the validity of Regulation 1702.6 and the related policy violated due process. *Cal. Dep't of Tax & Fee Admin.*, 48 Cal. App. 5th at 927. The trial court granted judgment on the pleadings to the Board of Equalization and CDTFA, reasoning that California's "pay-first, litigate-second rule," codified in California Constitution art. XIII, section 32, barred Debtor's lawsuit because Debtor had not paid the assessed tax. *Id.* The trial court also granted Debtor leave to amend as to the CDTFA, but only in order to make the Complaint a refund action contingent upon Debtor paying the tax. *Id.*

In June 2018, Debtor filed an amended complaint that deviated from the terms of the trial court's grant of leave to amend in two respects. *Id.* at 928. First, Debtor did not pay the full tax

_____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-03280-FWS | Date: October 28, 2022 |
| Title: In re Jeremy Daniel Kintner | |

assessment, but rather paid $7,450.98, or "11 percent of the assessed amount." *Id.* at 927. Second, Debtor realleged his claims for declaratory relief that Regulation 1702.6 and the related policy were illegal and unconstitutional. *Id.* at 928. CDTFA then demurred; however, the trial court overruled the demurrer, reasoning that Debtor's amended lawsuit constituted "an action to determine the validity of a particular regulation" and thus did not run afoul of the California Constitution's pay first rule. *Id.*

   iii. <u>California Court of Appeals Proceedings</u>

CDTFA subsequently filed a petition for a writ of mandate overturning the trial court's ruling in December 2018. *Id.* The California Court of Appeals issued an alternative writ of mandate "ordering the trial court to enter a new order sustaining the demurrer with leave to amend 'to allege payment of the tax due and a claim for refund.'" *Id.* The trial court declined to vacate its order, and Debtor and CDTFA then filed a return and traverse, respectively. *Id.*

The California Court of Appeals issued its decision on May 7, 2020, holding that California Constitution art. XIII, section 32 barred Debtor's declaratory relief claims as a matter of law "unless and until he pays the full amount of the outstanding tax assessment." *Id.* at 938. The court issued a writ of mandate directing the trial court to vacate its order overruling the demurrer to the first amended complaint and enter a new order sustaining the demurrer without leave to amend. *Id.*

Debtor subsequently petitioned the California Supreme Court for review; the California Supreme Court declined to hear Debtor's petition on July 15, 2020. *Id.* at 938.

  **C.** **Chapter 13 Bankruptcy Proceedings**

On September 16, 2020, after the California Court of Appeals issued its writ of mandate but before the trial court vacated its previous order, Debtor filed his Chapter 13 bankruptcy

_____

| | |
|---|---|
| **CIVIL MINUTES – GENERAL** | **4** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-03280-FWS  Date: October 28, 2022
Title: In re Jeremy Daniel Kintner

petition.[1,2]  (Dkt. 16-1.)  On his asset schedule, Debtor indicated that he owed a liability to CDTFA but reported that the amount of the debt owed was zero.  (*See* Dkt. 16-1 at 14, 29.) Debtor did report liabilities owed to Capital One Bank and JP Morgan Chase Bank of $108.61 and $5,801.13, respectively.  (*See* Dkt. 16-1, 16-3, 16-4.)  Debtor also accounted for repayment the Capital One Bank and JP Morgan Chase Bank liabilities in his proposed Chapter 13 plan but not the tax liability.  (*See* Dkt. 16-2.)

On October 28, 2020, CDTFA filed a proof of claim based on the tax assessment of $71,521.41, excluding interest.  (*See* Dkt. 16-5.)  On November 9, 2020, Debtor filed an adversary complaint against CDTFA "challenging the validity and the dischargeability of the Tax Agency's claim."  (App. at 11; *see also generally* Compl.)  On November 13, 2020, CDTFA objected to Debtor's Chapter 13 plan confirmation.  (Dkt. 16-8.)  CDTFA then moved to dismiss the adversary proceeding on December 4, 2020, (Dkt. 16-12), and Debtor's Chapter 13 petition in its entirety on February 5, 2021, (Dkts. 16-16, 16-17, 16-18, 16-19).  Debtor timely opposed both motions.  (Dkts. 16-9, 16-20.)

On March 9, 2021, the bankruptcy court issued a tentative ruling denying CDTFA's motion to dismiss the adversary proceeding and continuing the hearing until after the motion to dismiss Debtor's Chapter 13 petition.  (Dkt. 16-23.)  On March 22, 2021, the bankruptcy court granted CDTFA's motion and dismissed Debtor's Chapter 13 bankruptcy case without

---

[1] CDTFA indicates that judgment has since been entered on both matters Debtor brought in Superior Court, on October 2, 2020, and November 10, 2020, respectively.  (*See* Dkt. 19-2, Exhs. 8 & 9.)  In the order sustaining CDTFA's demurrer, the Los Angeles County Superior Court explicitly stated the automatic bankruptcy stay did not apply because the action was brought by the debtor.  (*See* Dkt. 19-2, Exh. 7 (citing *Shorr v. Kind*, 1 Cal. App. 4th 249, 255 (1991)).)

[2] The court "may take judicial notice of the underlying bankruptcy court records relating to an appeal."  *In re Chagolla*, 544 B.R. 676, 681 n.5 (B.A.P. 9th Cir. 2016) (citing *O'Rourke v. Seaboard Sur. Co. (In E.R. Fegert, Inc.)*, 887 F.2d 955, 957-59 (9th Cir. 1989)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-03280-FWS | Date: October 28, 2022 |
| Title: In re Jeremy Daniel Kintner | |

prejudice. (Dkt. 16-25.) The bankruptcy court reasoned that Debtor: (1) did not sufficiently demonstrate he was unable to meet the "pay first" requirement of California law; (2) did not sufficiently demonstrate a legitimate purpose for filing this bankruptcy case other than to evade the "pay first" requirement; and (3) failed to include either a "pay first" provision or a provision for a disputed claims reserve in his Chapter 13 case. (Dkt. 16-25 at 1.) The court concluded that based on these issues, CDTFA established sufficient cause for dismissal within the meaning of 11 U.S.C. § 1307(c). (*Id.* at 2 (citing 11 U.S.C. § 102(3)).)

Debtor filed a motion for reconsideration that same day, March 22, 2021. (Dkt. 16-26.) Then, on April 2, 2021, Debtor filed a notice of appeal. (Dkt. 16-27.) On April 12, 2021, the bankruptcy court denied Debtor's motion for reconsideration. (Dkt. 16-28.)

## II.     Request for Judicial Notice

CDTFA requests that the court take judicial notice of several documents stemming from related proceedings before an administrative body and the Los Angeles County Superior Court. (*See* Dkt. 19-2.)

### A.     Legal Standard

Under Federal Rule of Evidence 201, the court can judicially notice "[o]fficial acts of the legislative, executive, and judicial departments of the United States," and "[f]acts and propositions . . . capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." Fed. R. Evid. 201. The court cannot take judicial notice of facts subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.11 (2007) ("Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-03280-FWS            Date: October 28, 2022
Title: In re Jeremy Daniel Kintner

capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (internal quotation marks omitted).

    **B.**    **CDTFA's Request for Judicial Notice**

    CDTFA requests that the court take judicial notice of the following nine documents:

1. August 2011 Billing and Refund Notice, labeled Exhibit 1.
2. Administrative Decision in Mr. Kintner's Tax Dispute, labeled Exhibit 2.
3. Opinion in *California Department of Tax and Fee Administration v. Superior Court*, 48 Cal. App. 5th 922 (2020), *rev. denied* (July 15, 2020), labeled Exhibit 3.
4. November 2017 Complaint in *Kintner v. Board of Equalization*, BC684614, Los Angeles Superior Court, labeled Exhibit 4.
5. Amended Complaint in *Kintner v. Board of Equalization*, BC684614, Los Angeles Superior Court, labeled Exhibit 5.
6. April 2019 Complaint in *Kintner v. California Department of Tax and Fee Administration*, 19STCV12687, Los Angeles Superior Court, labeled Exhibit 6.
7. Demurrer Ruling in *Kintner v. California Department of Tax and Fee Administration*, 19STCV12687, Los Angeles Superior Court, labeled Exhibit 7.
8. Judgment in *Kintner v. Board of Equalization*, BC684614, Los Angeles Superior Court, labeled Exhibit 8.
9. Judgment in *Kintner v. California Department of Tax and Fee Administration*, 19STCV12687, Los Angeles Superior Court, labeled Exhibit 9.

(Dkt. 19-2 at 2-3.)

    Here, the court finds that Exhibits 2 through 9 constitute public records appropriate for judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380 (9th Cir. 1953) (stating courts may take notice of "records and reports of administrative bodies"). Thus, "[b]ecause courts may take judicial notice of court filings and other matters of public records," *GemCap Lending,*

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-03280-FWS | Date: October 28, 2022 |
| Title: In re Jeremy Daniel Kintner | |

*LLC v. Quarles & Brady, LLP*, 269 F. Supp. 3d 1007, 1019 (C.D. Cal. 2017), the court **GRANTS** CDTFA's Request for Judicial Notice of Exhibits 2 through 9 as to the existence of these records, but not for the truth of the facts cited therein. *See Lee*, 250 F.3d at 690 (stating when the court takes notice of public records, it may only consider "the existence of the opinion," rather than "the truth of the facts cited therein"). The court **DECLINES** CDTFA's Request for Judicial Notice as to Exhibit 1 because it is not a public record suitable for judicial notice and does not otherwise qualify for judicial notice.

### III.  Standard of Review

District courts have jurisdiction to hear appeals from bankruptcy court final judgments, orders, and decrees. *See* 28 U.S.C. § 158. Such appeals are "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." *Id.* § 158(c)(2). "[T]he district court functions as an appellate court in reviewing a bankruptcy decision and applies the same standards of review as a federal court of appeals." *In re Crystal Props., Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001) (citation and internal quotation marks omitted). The court "review[s] the bankruptcy court's conclusions of law de novo, and its findings of fact for clear error." *In re Baroni*, 36 F.4th 958, 965 (9th Cir. 2022) (citation omitted). The court "may affirm on any ground fairly supported by the record." *In re Jimenez*, 613 B.R. 537, 543 (B.A.P. 9th Cir. 2020) (citing *In re Leavitt*, 171 F.3d 1219, 1223 (9th Cir. 1999)).

The court reviews an order dismissing a chapter 13 bankruptcy case for abuse of discretion using a two-step inquiry. *In re Ellsworth*, 455 B.R. 904, 914 (B.A.P. 9th Cir. 2011). First, the court reviews "de novo whether the bankruptcy court 'identified the correct legal rule to apply to the relief requested.'" *Id.* (quoting *United States v. Hinkson*, 585 F.3d 1247, 1261-62 & n.21 (9th Cir. 2009) (en banc)). Second, if the court finds the bankruptcy court applied the correct standard, the court considers "whether the bankruptcy court's application of the legal standard was 'illogical, implausible, or without support in inferences that may be drawn from the facts in the record.'" *Id.* (quoting *Hinkson*, 585 F.3d at 1261-62 & n.21). "If the bankruptcy

_____

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-03280-FWS | Date: October 28, 2022 |
| Title: In re Jeremy Daniel Kintner | |

court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court has abused its discretion." *USAA Fed. Sav. Bank v. Thacker (In re Taylor)*, 599 F.3d 880, 887-88 (9th Cir. 2010) (citing *Hinkson*, 585 F.3d at 1261-62). The court reviews for clear error a bankruptcy court's factual findings of bad faith to support a dismissal of a Chapter 13 case. *In re Ellsworth*, 455 B.R. at 914.

### IV. Discussion

Debtor argues that the bankruptcy court erred by: (1) applying the wrong legal standard on the motion to dismiss; and (2) making insufficient or clearly erroneous factual findings that do not support dismissal based on bad faith. (*See* App. at 6.) The court addresses each argument in turn.

> A. <u>The Bankruptcy Court Applied the Correct Legal Standard in Dismissing Debtor's Chapter 13 Petition</u>

Debtor argues the bankruptcy court applied the wrong legal standard because it granted the motion "for the reasons set forth in [CDTFA's] motion and reply" and CDTFA's motion incorrectly applied the standard set out in *In re Powers*, 135 B.R. 980 (Bankr. C.D. Cal. 1991), rather than the standard discussed in *In re Leavitt*, 171 F.3d 1219 (9th Cir. 1999). (App. at 11.) In response, CDTFA argues that Debtor waived this argument by not arguing it before the bankruptcy court and that the bankruptcy court appropriately addressed the *Leavitt* factors in its ruling denying the motion for reconsideration. (Opp. at 16-17.) Debtor, in turn, argues that the fact that the bankruptcy court did not discuss the *Leavitt* factors until the order denying Debtor's motion for reconsideration indicates "that the analytical framework underlying the Bankruptcy Court's entire consideration of the motion to dismiss was flawed, notwithstanding the later effort to 'fix' and justify it by later reference to *Leavitt*." (Reply at 8-9.)

As a threshold matter, because the parties dispute the import of the bankruptcy court's order on the motion for reconsideration, the court first clarifies the scope of Debtor's appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-03280-FWS　　　　　　　　　　　　　　　　　　　　Date: October 28, 2022
Title: In re Jeremy Daniel Kintner

As discussed above, after the bankruptcy court dismissed Debtor's Chapter 13 petition, Debtor filed a motion for reconsideration on March 22, 2021, and then a notice of appeal on April 2, 2021. (*See* Dkts. 16-26, 16-27.) Pursuant to Federal Rule of Bankruptcy Procedure 8002, Debtor's notice of appeal did not become effective until the order disposing of his motion for reconsideration under Rule 9024 was entered on April 12, 2021. *See* Fed. R. Bankr. P. 8002(b)(2) ("If a party files a notice of appeal after the court announces or enters a judgment, order, or decree—but before it disposes of any motion listed in subdivision (b)(1)—the notice becomes effective when the order disposing of the last such remaining motion is entered."); Fed. R. Bankr. P. 8002 (b)(1) (listing motions that toll a notice of appeal, including a motion for relief under Rule 9024).

However, Bankruptcy Rule 8002(b)(3) requires a separate or amended notice of appeal of a postjudgment motion. *See* Fed. R. Bankr. P. 8002(b)(3) ("If a party intends to challenge an order disposing of any motion listed in subdivision (b)(1) . . . the party must file a notice of appeal or an amended notice of appeal."). The court observes that Debtor filed no such notice of appeal in this case. (*See generally* Dkt.) Nonetheless, as the Ninth Circuit Bankruptcy Appellate Panel explained in *In re Tukhi*:

> [I]n reviewing the bankruptcy court's judgment of dismissal, [the court] ha[s] jurisdiction (and a duty) to review any enhanced findings or 'new factual determinations' the bankruptcy court made in support of its original ruling—even if those enhanced findings were part of the court's ruling on a postjudgment motion that was never appealed and even if the court considered and relied upon evidence that was not presented until after the bankruptcy court made its original ruling.

568 B.R. 107, 112 (B.A.P. 9th Cir. 2017) (citing *Moldo v. Ash (In re Thomas)*, 428 F.3d 1266, 1268-69 (9th Cir. 2005)); *see also In re Thomas*, 428 F.3d at 1268-69 ("The BAP erred in concluding that it lacked jurisdiction to review the bankruptcy court's amended findings.").

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-03280-FWS                                                   Date: October 28, 2022
Title: In re Jeremy Daniel Kintner

    Accordingly, the court must consider the bankruptcy court's "enhanced findings" or "new factual determinations" in the order denying the motion for reconsideration. *See, e.g.*, *In re Tukhi*, 568 B.R. at 112 ("Even though [party] did not appeal the bankruptcy court's order denying his reconsideration motion, we will look at the bankruptcy court's postjudgment findings . . . and we will consider all of the evidence before the court at the time those findings were made.").

    Based on the record, the court finds the bankruptcy court applied the correct legal standard when dismissing Debtor's Chapter 13 petition. "A Chapter 13 petition may be dismissed 'for cause' pursuant to § 1307(c) of the Bankruptcy Code, if it was filed in bad faith." *In re Blendheim*, 803 F.3d 477, 499 (9th Cir. 2015) (citing *In re Eisen*, 14 F.3d 467, 470 (9th Cir. 1994)); *see also In re Leavitt*, 171 F.3d at 1224 ("Although not specifically listed, bad faith is a 'cause' for dismissal under § 1307(c).") (citing *Eisen*, 14 F.3d at 470); *In re Ellsworth*, 455 B.R. at 919 ("[I]t is well established that a lack of good faith constitutes 'cause' to dismiss a chapter 13 case, and that courts may look to the same evidence for both confirmation and dismissal purposes."). "[B]ankruptcy courts should determine a debtor's good faith on a case-by-case basis, taking into account the particular features of each Chapter 13 plan." *In re Blendheim*, 803 F.3d at 499 (quoting *In re Goeb*, 675 F.2d 1386, 1390 (9th Cir. 1982)). To determine whether a debtor filed a petition in bad faith, a bankruptcy judge must analyze the totality of the circumstances utilizing the following factors:

> (1) whether the debtor "misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 petition or plan in an inequitable manner"; (2) "the debtor's history of filings and dismissals"; (3) whether "the debtor only intended to defeat state court litigation"; and (4) whether egregious behavior is present.

*In re Leavitt*, 171 F.3d at 1224 (cleaned up). The bankruptcy court need not find malice or actual fraud in order to find bad faith. *Id.*

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-03280-FWS                                                      Date: October 28, 2022
Title: In re Jeremy Daniel Kintner

_____

In its tentative ruling, the bankruptcy court found CDTFA "established sufficient 'cause' for dismissal within the meaning of 11 U.S.C. 1307(c)" and noted that the causes for dismissal are not limited to those enumerated in section 1307(c). (Dkt. 16-25 at 1.) Although the bankruptcy court did not explicitly reference the *Leavitt* standard, its order dismissing Debtor's Chapter 13 petition identified factual findings consistent with the factors set out in *Leavitt*, specifically that Debtor used the proposed Chapter 13 plan to avoid state litigation. (*Id.*) *See also In re Jimenez*, 613 B.R. at 543 ("Although the bankruptcy court did not explicitly identify the basis for dismissal, we conclude that the record strongly supports dismissal . . . ."); *In re Leavitt*, 209 B.R. at 940 ("A court's failure to make express findings does not require a remand if a complete understanding of the issues may be had from the record without the aid of separate findings."); *Walton v. Arizona*, 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002) ("Trial judges are presumed to know the law and to apply it in making their decisions."). Moreover, the bankruptcy court's enhanced findings in its order denying the motion for reconsideration clearly delineate its analysis of each of the *Leavitt* factors. (Dkt. 16-28 at 4-8.) The court observes that the bankruptcy court's enhanced findings explicitly state that the court "did consider the totality of the circumstances in the case, not just one or more traditional indicia of bad faith." (*See id.* at 2.) Accordingly, the court concludes the bankruptcy court identified the correct legal rule to apply to the relief requested and did not abuse its discretion.

      B.    <u>The Bankruptcy Court Did Not Err in Finding Debtor Filed the Chapter 13 Petition in Bad Faith.</u>

Debtor also argues the bankruptcy court failed to make sufficient factual findings in support of its order dismissing Debtor's petition and that any findings it did make were clearly erroneous under both the *Leavitt* and *Powers* standards; thus, neither test warrants a finding of bad faith. (App. at 21-30.) In particular, Debtor argues the bankruptcy court erred by premising its bad faith findings on Debtor's attempts to challenge CDTFA's tax assessments in an adversary proceeding. (*Id.* at 14.) Debtor asserts that the bankruptcy court "erred as a matter

_____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-03280-FWS                                  Date: October 28, 2022
Title: In re Jeremy Daniel Kintner

of law by considering the satisfaction of California's pay-first requirement (in any way) to be a condition or requirement of [Debtor's] bankruptcy" because 11 U.S.C. § 505 authorizes the bankruptcy court to redetermine a debtor's tax liability. (*Id.* at 16.)

CDTFA counters that the bankruptcy court made sufficient factual findings in its order on the motion for reconsideration to support a finding of bad faith based on the first, third, and fourth *Leavitt* factors. (Opp. at 17-18.) CDTFA also argues that the bankruptcy court correctly determined that Debtor failed to meet his burden to demonstrate financial distress or an inability to pay the tax debt as required to contest a tax assessment under 11 U.S.C. § 505. (*Id.* at 24-25.)

The court reviews the bankruptcy court's factual findings for clear error. Under this standard, "the trier of fact's choice between two permissible views of the evidence cannot be clearly erroneous." *In re Ellsworth*, 455 B.R. at 921 (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985)). The court briefly summarizes the bankruptcy court's factual findings.

As discussed above, in the order dismissing Debtor's petition, the bankruptcy court reasoned that Debtor: (1) did not sufficiently demonstrate he was unable to meet the "pay first" requirement of California law; (2) did not sufficiently demonstrate a legitimate purpose for filing this bankruptcy case other than to evade the "pay first" requirement; and (3) failed to include either a "pay first" provision or a provision for a disputed claims reserve in his Chapter 13 case. (Dkt. 16-25 at 1.) The bankruptcy court concluded that, based on these issues, CDTFA established sufficient cause for dismissal within the meaning of 11 U.S.C. § 1307(c). (*Id.* at 2 (citing 11 U.S.C. § 102(3)).)

In its order denying the motion for reconsideration, the bankruptcy court made several factual determinations with explicit reference to the *Leavitt* factors. (Dkt. 16-28 at 4.) With regard to the first factor, the bankruptcy court found Debtor misrepresented facts in his bankruptcy petition by "fail[ing] to disclose his business gross revenues and expenses." (*Id.* at 5.) The bankruptcy court based this finding on Debtor's refusal to comply with the bankruptcy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-03280-FWS                                   Date: October 28, 2022
Title: In re Jeremy Daniel Kintner

schedule "I" instructions, which require a separate statement demonstrating how Debtor derived his reported net income from operating a business through gross receipts and expenses. (*Id.*) The bankruptcy court also found Debtor was attempting to manipulate the Bankruptcy Code in an inequitable manner by "evad[ing] the 'pay first' rule of California law without any demonstrated financial need." (*Id.*) The bankruptcy court concluded that Debtor's failure to demonstrate a lack of financial resources suggested that Debtor lacked any "legitimate bankruptcy purpose in pursuing this bankruptcy case." (*Id.*) Alternatively, the bankruptcy court found that Debtor was attempting to manipulate the Bankruptcy Code by failing to account for his liability to the Tax Authority in the Chapter 13 fee schedule. (*Id.* at 6.)

The bankruptcy court found that the second *Leavitt* factor, the debtor's history of filings and dismissals, was inapplicable because Debtor did not have any other bankruptcy proceedings. (*Id.* at 6.)

The bankruptcy court found the third *Leavitt* factor suggested bad faith because Debtor was "attempting to do an end run around" his prior unsuccessful litigation with CDTFA. (*Id.*) The court specifically identified the fact that Debtor did not file his Chapter 13 petition until approximately one month after receiving an unfavorable disposition from the California Court of Appeals as "clear evidence that Debtor intended to use the bankruptcy filing to defeat State Court litigation." (*Id.* at 7.)

The court also found the fourth *Leavitt* factor suggested bad faith and explicitly concluded Debtor's behavior was egregious, stating:

> In sum, Debtor has hidden his business receipts and expenses; he has failed to provide any meaningful evidence of whether he truly lacks the financial resources to comply with California's "pay first" requirement, despite the Tax Authority having pointed out the lack of such evidence (and the existence of contrary evidence); and even now, despite seeking reconsideration of the Dismissal Order, Debtor fails to provide any meaningful evidence of a lack of ability to pay. If anything, the record

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-03280-FWS                      Date: October 28, 2022
Title: In re Jeremy Daniel Kintner

> of Debtor's acts and omissions in this case, following his protracted prebankruptcy litigation with the Tax Authority including two actions in State Court, show an ongoing attempt to cause needless increase in the cost of litigation for the Tax Authority and unnecessary delay. *See* Rule 9011(b)(1) (Fed. R. Bankr. P.). That is egregious behavior.

(*Id.* at 7-8.)

The bankruptcy court concluded by referencing 11 U.S.C. § 505, the statute governing a bankruptcy court's jurisdiction to "determine the amount or legality of any tax." *See* 11 U.S.C. § 505. The bankruptcy court found that, under Ninth Circuit precedent, Debtor was first required to demonstrate that he lacked the financial resources to pay the relevant tax liability before challenging the underlying California's regulations. (*Id.* at 8 ("[A]s this Bankruptcy Court understands the interpretation of § 505 and its policies, Debtor would be abusing the bankruptcy system if he were to evade California's "pay first" rule without establishing that he lacks the financial resources to pay his taxes before challenging the regulations.").) In so interpreting section 505, the bankruptcy court relied on the Ninth Circuit's statement in *In re Mantz* that 11 U.S.C. § 505 was intended to "protect[] a debtor from being bound by a pre-bankruptcy tax liability determination that, because of a lack of financial resources, he or she was unable to contest.'" 343 F.3d 1207, 1211 (9th Cir. 2003). In the alternative, the court concluded that to the extent it could exercise its discretion in deciding whether to redetermine Debtor's tax liability, the totality of the circumstances warranted against doing so in this case.[3] (*Id.*)

---

[3] The bankruptcy court also concluded that Debtor's adversary proceeding was not barred by section 505(a)(2)(A) because neither the administrative nor state court proceedings reached the merits of Debtor's arguments concerning the legality of the tax. (*See* 16-23 at 64.) In this instance, the court finds section 505(a)(2)(A) did bar the bankruptcy court from reassessing Debtor's tax liability because the Debtor previously received a final judgment from a quasi-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-03280-FWS                                        Date: October 28, 2022
Title: In re Jeremy Daniel Kintner

judicial tribunal of competent jurisdiction—the Board of Equalization. *See, e.g.*, *Tex. Comptroller of Pub. Accounts v. Trans State Outdoor Advert. Co. (In re Trans State Outdoor Advert. Co.)*, 140 F.3d 618, 621-22 (5th Cir. 1998) (finding proceeding before an administrative judge amounted to an adjudication by a tribunal sufficient to trigger § 505(a)(2) because debtor was "afforded the opportunity to subpoena and call witnesses to testify at a contested hearing wherein the rules or evidence applied" and "had the opportunity to appeal the [administrative body's] decision in state district court for de novo review once paying the tax under protest"); *cf. Central Valley AG Enterprises v. United States*, 531 F.3d 750, 755 (9th Cir. 2008) (using *In re Trans State Outdoor Advertising Co.*, 140 F.3d at 621-22, to determine whether a proceeding was quasi-judicial).  (*See also* Compl. ¶¶ 20-21 ("The assessments made against [Debtor] became final on or before January 5, 2018.").)  The court also finds Debtor's tax was contested within the meaning of section 505(a)(2)(A) notwithstanding the Board's refusal to assess the "merits" of Debtor's claim or the legality of the tax.  *See City Vending of Muskogee, Inc.*, 898 F.2d at 124-25 (finding § 505(a)(2)(A) stripped the bankruptcy court of jurisdiction "[a]lthough the merits of plaintiff's claims were never addressed" and the tax authority "specifically ruled that, as an administrative agency, it lacked the authority to determine plaintiff's constitutional claims."); *cf. Bunyan v. United States (In re Buyan)*, 354 F.3d 1149, 1153 (9th Cir. 2004) ("At least in tax court, therefore, a claim need not have been actually litigated to have been 'contested' for purposes of bankruptcy court jurisdiction.").

      However, because the bankruptcy court, in its discretion, declined to reassess the tax, the court finds the bankruptcy court's conclusion that section 505(a)(2)(A) did not apply was harmless error, and thus does not affect the result of this appeal.  *See In re Jimenez*, 613 B.R. at 543 (stating a court "may affirm on any ground fairly supported by the record") (citing *In re Leavitt*, 171 F.3d at 1223); 28 U.S.C. § 2111 ("On the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties."); *Shinseki v. Sanders*, 556 U.S. 396, 411-12 (2009) ("[T]he factors that inform a reviewing court's "harmless-error"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-03280-FWS                                                              Date: October 28, 2022
Title: In re Jeremy Daniel Kintner

     The court observes that a substantial portion of Debtor's appeal deals with the bankruptcy court's finding that Debtor's failure to demonstrate a lack of financial resources either precluded Debtor from contesting his tax under 11 U.S.C. § 505 or suggested bad faith under the *Leavitt* factors. (*See* App. 14-18.)

     The court determines the bankruptcy court's finding was not clearly erroneous. As a preliminary matter, the court does not read either the text of 11 U.S.C. § 505 or Ninth Circuit precedent as requiring Debtor to show he could not pay the tax assessment in order for the bankruptcy court to redetermine the tax liability. Instead, the policy statement in *Mantz* merely mirrors the text of section 505(a)(2)(A) by stating that a debtor will not be precluded from challenging a tax assessment where the debtor did not have an opportunity to *contest* the tax liability due to a lack of financial resources. *In re Mantz*, 343 F.3d at 1211; see also 11 U.S.C. § 505(a)(2)(A) ("The court may not so determine the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title . . . ."). Thus, the relevant inquiry under Section 505(a)(2)(A) depends only on whether a debtor adjudicated the tax before a court of competent jurisdiction before filing for bankruptcy, not on whether the debtor has the ability to pay the tax assessment. *See In re Mantz*, 343 F.3d at 1211; *In re Baker*, 74 F.3d at 909.

     However, even though section 505 did not require the Debtor to demonstrate a lack of financial resources, *see* 28 U.S.C. § 2111, the court finds it was not clearly erroneous for the bankruptcy court to rely on Debtor's failure to demonstrate financial distress when finding bad

---

determination are various, potentially involving, among other case-specific factors, an estimation of the likelihood that the result would have been different, an awareness of what body (jury, lower court, administrative agency) has the authority to reach that result, a consideration of the error's likely effects on the perceived fairness, integrity, or public reputation of judicial proceedings . . . .").

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-03280-FWS                          Date: October 28, 2022
Title: In re Jeremy Daniel Kintner

faith. In fact, the court finds that the bankruptcy court plausibly inferred that Debtor's failure to demonstrate financial distress or accurately report all income may suggest an improper attempt to manipulate the bankruptcy code or a bankruptcy petition filed in an inequitable manner sufficient to satisfy the first *Leavitt* factor. *See, e.g.*, *In re Ellsworth*, 455 B.R. at 920 ("The bankruptcy court's bad faith finding was also bolstered by its concerns regarding the [debtors'] handling and reporting of their finances, both prepetition and postpetition."); *In re Khan*, 846 F.3d 1058, 1066 (9th Cir. 2017) (stating Debtors' "failure and refusal to provide financial information critical to the determination of the value of their assets, and their further failure to provide information regarding the movement of funds among their various business entities" supported finding bad faith).

      In addition, the court finds that the bankruptcy court made sufficient findings as to each of the *Leavitt* factors to sustain a bad faith finding under the applicable law. *See In re Khan*, 846 F.3d at 1066 (stating the bad faith factors "are simply factors to consider and that not every one of them must be met"). The bankruptcy court based its bad faith findings on Debtor's failure to disclose all pertinent financial information; Debtor's failure to report his tax liability owed to CDTFA or plan for its repayment; Debtor's filing of the bankruptcy petition just one month after an adverse state court judgment; and Debtor's attempt to use bankruptcy to avoid paying the tax assessments.

      The court finds these factual findings plausible and supported by inferences drawn from facts in the record. *See, e.g.*, *In re Leavitt*, 171 F.3d at 1225 (finding bad faith based on: (1) Debtor's failure to disclose assets and financial dealings; (2) Debtor's repeated bankruptcy filings; (3) the timing of Debtor's bankruptcy petition just two weeks after a judgment was issued against him; and (4) Debtor's intent to use bankruptcy to avoid paying the judgment); *In re Cortez*, 349 B.R. 608, 614-16 (N.D. Cal. 2006) (finding bad faith based on debtors' failure to disclose assets and claims that amounted to egregious misrepresentations); *In re Angelo*, 580 B.R. 862, 867 (W.D. Wash. 2017) (finding bad faith based on debtor's misrepresentation of facts related to his assets, intent to use bankruptcy to defeat state court litigation as evidenced

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-03280-FWS | Date: October 28, 2022 |
| Title: In re Jeremy Daniel Kintner | |

by filing within weeks of arbitration hearing, egregious behavior, and failure to disclose liability). Because the bankruptcy court's findings were supported by plausible inferences from the record, the court finds the findings are not clearly erroneous. *See In re Pomeroy*, 2017 WL 1457941, at *6 (B.A.P. 9th Cir. Apr. 24, 2017) (mem.) ("A bankruptcy court does not clearly err when it makes findings that are supported by inferences in the record.") (citing *Hinkson*, 585 F.3d at 1262).

Moreover, the court finds Debtor's arguments related to the *Leavitt* factors merely advocate for alternative inferences from the available evidence or "ignore[] key parts of the record." *In re Ellsworth*, 455 B.R. at 920. (*See also generally* App. at 23-30.) The court reiterates that "the trier of fact's choice between two permissible views of the evidence cannot be clearly erroneous." *In re Ellsworth*, 455 B.R. at 921 (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985)).

In sum, the court finds that the bankruptcy court applied the correct legal test in considering the motion to dismiss Debtor's Chapter 13 petition and made sufficient factual findings based on the totality of the circumstances to support a finding of bad faith. Under the applicable standards of review, the court finds insufficient grounds to reverse the bankruptcy court's determination that "cause" existed to dismiss Debtor's Chapter 13 petition. *See In re Ellsworth*, 455 B.R. at 921. Accordingly, the court **AFFIRMS** the bankruptcy court's order dismissing Debtor's Chapter 13 petition.

## V. Disposition

For the reasons set forth above, the court **AFFIRMS** the bankruptcy court's order dismissing Debtor's Chapter 13 petition.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: mku

---